## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| JACK CLENDENIN, et al., | : | |
| Debtors/Appellants, | : | |
| v. | : | C-1-07-059 |
| MARGARET A. BURKS, TRUSTEE, | : | |
| Appellee. | : | |

## ORDER

### I. Introduction

This is an appeal from a decision issued on November 7, 2006, by the United States Bankruptcy Court for the Southern District of Ohio, denying the debtors' attorney's application for post-confirmation attorney fees. The Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 158, which grants district courts jurisdiction to hear appeals from final judgments, orders and decrees of bankruptcy judges entered in proceedings under 28 U.S.C. § 157. The decision denying attorney fees in this case is a final order. *See In re Boddy*, 950 F.2d 334, 336 (6th Cir. 1991).

### II. Background

Debtors in this proceeding filed a joint Chapter 13 petition on April 21, 2005. Pursuant to Local Bankruptcy Rule 2016-1, on May 5, 2005, debtors' counsel filed an

1

application for payment of its initial fee of $1,500. On October 6, 2005, the Chapter 13 Plan was confirmed by the Court. The bankruptcy court granted counsel's application for compensation in the amount of $1,500 on that same date.

Approximately one year later, on October 5, 2006, debtors' counsel filed its post-confirmation fee application in the amount of $836. The Trustee filed an objection. The bankruptcy court issued a one-page order denying the application on November 7, 2006. The judge noted that the bulk of the post-confirmation legal work performed involved a motion to modify that was never filed and an amended schedule F filed on June 8, 2006. The judge further noted that the first time entry on the fee application dated back to November 29, 2005, counsel's response to the Trustee's objection referenced work performed as early as September 2005, and the fee application was not filed until October 5, 2006. The judge then gave the following explanation for denying the fee application:

> The Debtors' attorney has adequately explained in the response why the docket does not reflect the work sought to be compensated for. However, the remaining issue is whether the fee application was timely filed. It was not. Five years ago, this Court explained the rationale for timely fee applications. *In re Newman*, 270 B.R. 845, 848 (Bankr. S.D. Ohio 2001). The Debtors' attorney is aware that this Court has consistently applied the principles espoused [in] *In re Newman* to all fee applications before it.

### III. Applicable law

On review of a final bankruptcy court order, the court's findings of fact will not be set aside unless they are clearly erroneous. Fed. R. Bankr. P. 8013. The district court applies a *de novo* standard of review to conclusions of law. *In re Baker & Getty Financial Services, Inc.,* 106 F.3d 1255, 1259 (6th Cir.1997). A bankruptcy court's

award of attorney fees will not be reversed unless there has been an abuse of discretion. *In re Williams*, 357 B.R. 434, 437 (6th Cir. BAP 2007) (citing **Boddy,** 950 F.2d 336). The district court may affirm, modify, or reverse the bankruptcy court's order or remand with instructions for further proceedings.  Fed. R. Bankr. P. 8013.

Local Bankruptcy Rule 2016-1 provides that a request for post-confirmation attorney fees must be made by separate application, which shall include the legal services performed; the results obtained; the actual time spent by the case attorney and other personnel; and the amount of the fee requested.  The rule does not specify the time for filing a post-confirmation fee petition.  The bankruptcy court in *Newman* established a time bar, holding that "a fee application should be submitted as soon as is reasonably possible, or approximately 30 to 45 days, following the completion of the legal services rendered on a given issue." 270 B.R. at 848.  The court reasoned that this time period is "short enough to afford the Court the opportunity to review a fee application close in time to the underlying substantive legal work [but] long enough to prevent the filing of a 'premature' fee application;" "[i]t allows the Court, as well as the debtor's attorney and the debtor, to gauge the reasonableness of the amount of the fee in relation to the outcome of the legal services rendered;" "[i]t reduces the 'lumping' of work done on several discrete matters into a single fee application;" and it reduces "the possibility of surprise and prejudice to the debtor who believes his plan is near completion." *Id*.  The court noted that "an untimely and sizeable fee application can add many unexpected months of

additional payments to a plan." *Id*. at 848.

### IV.  Plaintiff's objection

Debtor's counsel appeals from the bankruptcy court's order on two grounds.  First, counsel claims that the bankruptcy court abused its discretion in disallowing counsel the post-confirmation fees because it failed to take into consideration the "string of events" in determining the time period in which counsel could file a fee petition.  Second, counsel claims that the bankruptcy court's time limitation of 30-45 days for filing a post-confirmation fee petition established in *Newman* is arbitrary and capricious.

The Trustee agrees with debtors' counsel that the appropriate standard of review of the bankruptcy court's decision is the arbitrary and capricious standard.  The Trustee argues that the rule announced in *Newman* properly supplements the Bankruptcy Code and Rules and was properly applied in this case.  The Trustee avers that a review of the time entries in the fee application shows that the applicant "was engaged in a number of activities," and that "an omnibus application after a year of several efforts" leads to the conclusion that the application was not timely.  Doc. 6, p. 3.

### V.  Opinion

**A.  The Court will not disturb the rule established in *Newman***

Debtors' counsel argues that the bankruptcy court has acted in an arbitrary and capricious manner by applying a time limit for filing a "post-petition" fee application only in Chapter 13 cases when the rule serves no real purpose.  Counsel argues that policy

considerations favor compensating attorneys for actual and necessary services rendered. Counsel argues that 30-45 days is too short a period of time within which to submit a post-confirmation fee application.

The Trustee argues that the rule announced in *Newman* is sound.  The Trustee contends that the reasons provided by the bankruptcy court for the rule are particular to Chapter 13 cases.  Specifically, those plans are confirmed to run for a limited period of time, post-confirmation fees are ordinarily paid through the plan, and the closer to the end of the maximum plan length the fee application is submitted, the less likely it is that the debtor will be able to modify the plan to ensure that the fees are paid in addition to completing the plan as initially confirmed.

Debtors' counsel has not shown any basis for setting aside the rule formulated by the bankruptcy court in *Newman*.  The Trustee has articulated a valid reason for applying the time limit in Chapter 13 cases.  Counsel has not demonstrated that a deadline of 30-45 days after work on a certain issue is completed in which to submit a fee petition is unduly burdensome.  Thus, the Court will not disturb this rule established by the bankruptcy court for the efficient administration of Chapter 13 cases.

**B.  The decision on the fee application is affirmed**

A review of the post-confirmation fee application discloses that it consists of 18 one-line time entries spanning the period November 29, 2005 to October 3, 2006. Doc. 1, att. 6.  The application seeks compensation for a total of 3.5 hours of attorney time and 1.6 hours of paralegal time.  The entries reference a possible modification or motion to

5

modify, a possible conversion, an "Amended F," and several telephone calls. Debtors' counsel contends that the entries are for related services. Counsel alleges that in November 2005, debtors met with counsel regarding possible modification of their Plan because they could not afford to keep up with their house payments as required under the Plan; they met several times over the ensuing months to decide how to proceed as debtors' life circumstances changed; and on September 19, 2006, debtors advised counsel that they would not go forward with a modification or conversion. Counsel argues that the date on which debtors gave this notice is the date of completion of services rendered on the issue of modification and/or conversion, which would make counsel's post-confirmation fee application timely.

     The bankruptcy court determined that the work performed by debtors' counsel post-confirmation was not compensable because the fee application was not timely filed. In deciding that the petition was not timely, the court stated that it was relying on the rule and rationale in *Newman*. This Court finds that the bankruptcy judge did not abuse his discretion in applying the rule and the supporting rationale espoused in *Newman*. The fee application shows that the last legal services in connection with a possible motion to modify/conversion were performed on July 25, 2006. The bankruptcy judge could properly consider the billings for the three telephone calls after July 25, 2006, to be administrative in nature and not for legal services. Thus, July 25, 2006, is the appropriate date on which to start the clock running on the 30-45 day filing period. Counsel did not file the post-confirmation fee application until October 5, 2006, 72 days after July 25.

Accordingly, the Court finds that the bankruptcy court did not err in concluding that the post-confirmation fee application was not timely filed.

## VI.  Conclusion

The decision of the bankruptcy court is **AFFIRMED.**  This matter is **TERMINATED** on the docket of the Court.

**IT IS SO ORDERED.**

S/ Herman J. Weber
HERMAN J. WEBER, SENIOR JUDGE
 UNITED STATES DISTRICT COURT
